## NEHER v. McCook County.

Under Comp. Laws, § 1409, declaring the sheriff entitled to the following fees: "Serving copies with commitment or bail bond and return, $2. For each search on search warrant, $1 * * * Traveling expenses for each mile actually and necessarily traveled, 10 cents. * * * Summoning grand jury, including mileage, to be paid by the county, $8. Summoning petit jury, including mileage, to be paid by the county, $16. Summoning special jury, for each person empaneled, 25 cents. * * * For distributing ballot boxes to the various precincts, $2 per day and mileage;" and Section 1410, thereafter enacted, providing that "the sheriff * * * shall be entitled to receive 5 cents a mile for each mile actually and necessarily traveled for summoning a grand and petit jury, to be paid by the county in addition to the compensation now allowed by law: provided, that no additional mileage shall be allowed a sheriff for summoning talesmen, over and above that now fixed by law,"—the compensation for summoning a petit jury is $16, and mileage of 5 cents, not 15 cents per mile.

(Opinion filed April 4, 1899.)

Appeal from circuit court, McCook county. Hon. Joseph W. Jones, Judge.

Action by C. M. Neher against McCook county, to recover sheriff's mileage fees. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*E. H. Wilson,* for appellant.

*M. A. Butterfield,* for respondent.

CORSON, P. J.   This is an appeal from an order sustaining a demurrer to plaintiff's complaint.   Plaintiff states in his complaint that he was sheriff of defendant county; that a petit jury of 24 jurors was duly drawn from the body of the county and that the clerk of said county placed in said plaintiff's hands an order to summon the same as said sheriff; that in obedience to such order, he did summon such jury; that in doing so he necessarily traveled a distance of 750 miles; that he presented his bill for his services as such sheriff in summoning such jury, duly verified as required by law; in which he claimed there was due him as mileage the sum of $112.50; that the defendant county refused to allow plaintiff 15 cents per mile for each mile actually and necessarily traveled; and that the board of county commissioners of said county did allow and tender to the plaintiff mileage at the rate of 5 cents per mile, amounting to $37.50, which plaintiff declined to accept; and the plaintiff demanded judgment for the sum of $112.50.   A demurrer was interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and was sustained by the circuit court.

The decision in this case involves the construction to be given certain parts of Sections 1409 and 1410 of the Compiled Laws.

"Sec. 1409.   The sheriff shall be entitled to charge and receive the following fees:   Serving capias with commitment or bail bond and return, two dollars.   For each search on search warrant, one dollar.   *  *  *   Traveling expenses, for each

mile actually and necessarily traveled, ten cents * * * Summoning grand jury, including mileage, to be paid by the county, eight dollars. Summoning petit jury, including mileage, to be paid by the county, sixteen dollars. Summoning special jury, for each person impaneled, twenty-five cents. . * * * For distributing ballot boxes to the various precincts, two dollars per day and mileage."

"Sec. 1410. The sheriffs of all counties in the Territory of Dakota shall be entitled to receive five cents a mile for each mile actually and necessarily traveled for summoning a grand and petit jury, to be paid by the county in addition to the compensation now allowed by law; provided, that no additional mileage shall be allowed a sheriff for summoning talesmen, over and above that now fixed by law."

The plaintiff and appellant contends that the fee for summoning a petit jury, including mileage, entitles him to mileage at the rate of 10 cents per mile in addition to $16 allowed him for summoning the jury; and that, by Section 1410, the legislature has added 5 cents per mile, making a total of 15 cents per mile for each mile necessarily traveled. The defendant, on the other hand, insists that the compensation for summoning the petit jury was originally only $16, and that the plaintiff was entitled to no mileage under Section 1409, and now is only entitled to the mileage provided by Section 1410.

The import of the language used in Section 1409, "including mileage," seems to imply that the $16 allowed the sheriff for summoning the jury was to be in full for his services. Webster defines "include" to mean "to confine within; to hold; to contain; to shut up;" and gives, as synonyms, "to contain; inclose; comprise; comprehend; embrace; involve." It would

seem, therefore, construing the sentence according to the "context and approved usage of the language," that the fee of $16 includes the mileage. Comp. Laws, § 4806. We think this view is emphasized by the language of Section 1410, adopted in 1887, as Chap. 52, Laws 1887. The title of the act, as originally enacted, was "An act to fix the compensation of sheriffs in certain cases." It will be noticed that the act does not purport to amend Section 1409, but proceeds upon the theory that the sheriff was allowed mileage for the first time in summoning a petit jury. No reference is made to any additional mileage in the first clause of the section, but the following proviso is added: "That no additional mileage shall be allowed a sheriff for summoning talesmen over and above that now fixed by law." It would seem to be somewhat remarkable that the five cents per mile mentioned in the first clause of the section should not have been specified as additional mileage, had the legislature intended it as such, in view of the fact that when its intention is to speak of additional mileage it is careful to use the proper term.

We are of the opinion that the intention of the legislature was, by the original section, to limit the compensation of the sheriff for his services in summoning a petit jury to $16, and that no other mileage was to be allowed. It will be observed that the section prescribes the compensation of a sheriff for various services to be performed by him, but that no mention of mileage is made in connection with these services, except in one other instance in addition to the summoning of juries, and that the allowance of mileage is contained in a clause of the section by itself. It would seem clear, therefore, that in the performance of those various duties the sheriff would be en-

titled to charge the prescribed fee for such services, and add thereto mileage as fixed by law  When the fee for summoning special jury is prescribed, nothing is said in regard to mileage, leaving the sheriff to make the usual charge in such cases.  It will be noticed that sheriffs for distributing ballot boxes are allowed $2 per day "and mileage."  If the lawmaking power intended by the term "including mileage" to give to the sheriff the right to charge for mileage in addition to the $16, what necessity was there for the use of that term?  Why was not that clause of the section left as the others prescribing a fee for his services?  And if it was intended by the term "including mileage" to give him mileage for that service, why was not the same term used as in the clause for distributing ballot boxes, namely, "and mileage"?  The legislature in that clause use apt words to carry into effect their evident intention, and we are not at liberty, therefore, to conclude that it was unable to clearly and aptly express its meaning when it is intended that the sheriff should be allowed to charge mileage.

Our conclusion is, from the language used in the clause we are considering, and the evident intention of the legislature as appears from other parts of the section, that the term "including" was used in its ordinary sense, and as intending to convey the idea that the $16 was to be the full compensation of the sheriff for summoning a petit jury, and $8 for summoning a grand jury.  And we are further of the opinion that, in view of the hardships imposed upon the sheriff, the law of 1887 was enacted to partially, at least, compensate him for his mileage. We further add that we cannot believe it was the intention of the legislature to impose upon the county the duty of paying 15 cents per mile mileage to the sheriff for summoning juries,

when they had required him to perform similar duties for private parties at the rate of 10 cents per mile mileage. We think it is much more consistent with legislative usage to require, in the first instance, that the sheriff perform the duty of summoning such juries for the prescribed fee, and subsequently concluded that he should be entitled to one-half his usual mileage. The decision of the court below in sustaining the demurrer was correct, and the order appealed from is affirmed.

HANEY, J., took no part in the decision.